NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0822

GLEN SEALS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

JUDGMENT RENDERED: **FEB 2 5 2021**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C696803 • Section 27

The Honorable Trudy M. White, Judge Presiding

* * * * * * *

Glen Seals, D.O.C. #263204
*Louisiana State Penitentiary*
Angola, Louisiana

APPELLANT
PLAINTIFF—*Pro Se*

Jonathan Vining
Baton Rouge, Louisiana

ATTORNEY FOR APPELLEE
DEFENDANT—Louisiana
Department of Public
Safety and Corrections

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

Glen Seals, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("the Department") and confined to the Louisiana State Penitentiary in Angola, Louisiana, appeals a judgment of the district court dismissing his Petition for Judicial Review of Disciplinary Board Appeal No. LSP-2020-0144.

Seals was issued a disciplinary rule violation report, and following a hearing before the prison disciplinary board, he was found guilty of violating Rule #6 (Disorderly conduct) and Rule #29 (Disturbance). The combined penalties imposed were twenty days of disciplinary segregation, with six days credit for time served, and four weeks loss of canteen privileges. He appealed that decision first to the Warden and the appeal was denied.

Seals then filed a petition for judicial review in the district court seeking the reversal and expungement of the disciplinary report from his record, compensation for any and all court costs and attorney fees, and his return to his previously assigned housing unit and job. The commissioner assigned to the matter issued a screening report recommending that Seals' petition be dismissed for its failure to state a cause of action for which relief could be granted. In the commissioner's report, the commissioner noted that the only penalties imposed were twenty days disciplinary segregation, with six days credit for time served, and four weeks loss of canteen privileges, that Seals was afforded a hearing before the disciplinary board, and an appeal of that ruling to the Warden.[1] The commissioner further noted that Seals did not lose good time nor did he suffer any other atypical punishment for the disciplinary violations, and therefore, no substantial rights were involved. Therefore, the commissioner found that absent evidence supporting a

---

[1] The commissioner noted that the nature of Seals' punishment did not allow for an appeal to the Secretary of the Department.

2

substantial right violation, Seals' petition failed to state a cause of action because it did not meet the threshold requirement that would permit the district court to intervene in the authority of the prison administration to enforce discipline and security in the prison. Based on this finding, the commissioner recommended that the district court dismiss Seals' suit without prejudice, at his cost, pursuant to La. R.S. 15:1177(A) (9), for failing to raise a substantial rights violation and, thus, failing to state a cause of action or raise a cognizable claim. Thereafter, on July 7, 2020, the district court issued and signed a judgment in conformity with the recommendation of the commissioner, dismissing Seals' suit with prejudice.

After a thorough review of the record, we find no error in the judgment of the district court or in the analysis and conclusions of the commissioner, which the district court adopted. As recognized by the commissioner's screening report, in order for the district court to reverse or modify the decision of the Department, Seals had to first show how his substantial rights were prejudiced by the decision. See La. R.S. 15:1177(A)(9).[2] The disciplinary sentence of twenty days of disciplinary segregation with six days credit for time served and four weeks of loss of canteen privileges is not unusual or a significant hardship in relation to the ordinary incidents of prison life and did not prejudice Seals' substantial rights. In the absence of prejudice to Seals' substantial rights, modification or reversal of the disciplinary action by the district court (or this Court) is not warranted under the

---

[2] Louisiana Revised Statutes 15:1177(A)(9) provides, in pertinent part:

> The court may reverse or modify the decision [of the Department] **only if substantial rights of the appellant have been prejudiced** because the administrative findings, inferences, conclusions, or decisions are:
> (a) In violation of constitutional or statutory provisions.
> (b) In excess of the statutory authority of the agency.
> (c) Made upon unlawful procedure.
> (d) Affected by other error of law.
> (e) Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion.
> (f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record.
> (Emphasis added).

3

law. Therefore, we affirm the judgment of the district court, dismissing Seals' Petition for Judicial Review of Disciplinary Board Appeal No. LSP-2020-0144 and issue this opinion in accordance with Uniform Rules—Courts of Appeal, Rule 2—16.2(A)(2),(5), and (6). All costs of this appeal are assessed to the appellant, Glen Seals.

**AFFIRMED.**